# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 13-481

AMANDA POUSSON

VERSUS

BLUE CROSS/BLUE SHIELD OF LOUISIANA

**********

APPEAL FROM THE
LAKE CHARLES CITY COURT
PARISH OF CALCASIEU, NO. 12-1463
HONORABLE JOHN STEWART HOOD, CITY COURT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Jimmie C. Peters, Elizabeth A. Pickett, and J. David Painter, Judges.

**REVERSED AND REMANDED.**

**Rudie Ray Soileau, Jr.**
**Lundy, Lundy, Soileau & South**
**P. O. Box 3010**
**Lake Charles, LA 70602**
**(337) 439-0707**
**COUNSEL FOR PLAINTIFF-APPELLANT:**
     **Amanda Pousson**

**Charles Andrew O'Brien, III**
**Attorney at Law**
**P. O. Box 98029**
**Baton Rouge, LA 70898-9029**
**(225) 295-2454**
**COUNSEL FOR DEFENDANT-APPELLEE:**
     **Blue Cross/Blue Shield of Louisiana**

**PICKETT, Judge.**

Amanda Pousson appeals a judgment of the trial court dismissing her claims against Blue Cross/Blue Shield of Louisiana (BCBS) for penalties and attorney fees pursuant to La.R.S. 22:1821 on a motion for summary judgment.

## STATEMENT OF THE CASE

When Ms. Pousson discovered she was pregnant, her physician prescribed Crinone. Crinone is generally prescribed as a fertility drug, but Ms. Pousson's physician prescribed it as a hormone regulator for the early stages of pregnancy. When Ms. Pousson had the prescription filled, she was forced to pay $505.65 for the prescription herself. Her insurer, BCBS, or their pharmacy benefits manager, Express Scripts, Inc. (ESI), summarily denied the claim at the point of purchase because fertility drugs are not covered by Ms. Pousson's policy. When Ms. Pousson encountered the same situation in March, she contacted BCBS, explained that she was pregnant, and the claim was paid. Ms. Pousson attempted to file the proper appeal forms with BCBS or ESI to have the first prescription claim paid, but her attempts were fruitless.

Ms. Pousson filed a suit *pro se* in Lake Charles City Court on May 18, 2012, against BCBS seeking payment of the claim plus penalties and attorney fees pursuant to La.R.S. 22:1821. BCBS originally filed an answer denying it owed Ms. Pousson reimbursement. In a supplemental petition, BCBS admitted that either it or ESI erred in failing to reimburse Ms. Pousson. On October 5, 2012, BCBS issued a check to her attorney for $686.22, which included the cost of the prescription less a $20 co-insurance payment, court costs of $153.72, and $45.74, the costs it claimed was due under the provisions of La.R.S. 22:1853(C). Ms. Pousson, now represented by her attorney, persisted in her claim for penalties and

attorney fees pursuant to La.R.S. 22:1821. Competing motions for summary judgment were filed. The trial court heard arguments on March 14, 2013. The trial court granted BCBS's motion for summary judgment and dismissed Ms. Pousson's claims. She now appeals.

## ASSIGNMENTS OF ERROR

Ms. Pousson asserts three assignments of error:

1. The trial court erred in applying La.R.S. 22:1851 *et seq.*, to this action based on an insurer's wrongful denial of a valid prescription claim.

2. The trial court erred in failing to find that the actions of BCBS violated La.R.S. 22:1821.

3. The trial court erred in allowing BCBS to shield itself from the wrongful actions of its pharmacy benefits contractor by failing to recognize the contractor as the agent of BCBS.

## DISCUSSION

Clearly ESI acted as the agent for BCBS in this case, so the third assignment of error misstates the finding of the trial court. When ESI denied the claim originally, it did so because it construed the coverage afforded by BCBS to exclude fertility drugs like Crinone. When ESI denied payment for the refill, Ms. Pousson appealed to BCBS, who instructed ESI to pay the claim because Ms. Pousson was pregnant, which meant she did not need to take Crinone as a fertility drug. The issue before this court is whether BCBS is liable under the penalty provisions of La.R.S. 22:1853(C) or La.R.S. 22:1821 for the continued failure of BCBS or ESI to reimburse Ms. Pousson for the initial prescription when BCBS discovered it was a covered drug under the policy issued by BCBS.

The trial court granted summary judgment, finding that La.R.S. 22:1853(C), and not La.R.S. 22:1821, applied to the facts of this case. We review questions of

2

law simply to determine whether the trial court decision is legally correct. *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96), 677 So.2d 1118.

The trial court applied La.R.S. 22:1853, which states in pertinent part:

> A. (3) Any other nonelectronic claim for payment for prescription drugs, other products and supplies, and pharmacist services, whether submitted for payment by an insured or enrollee or submitted by a pharmacist or pharmacy rendering covered services that are not otherwise payable to the pharmacist or pharmacy under contract with the health insurance issuer, shall be paid not more than thirty days from the date upon which a correctly completed uniform claim form is furnished to the health insurance issuer, unless just and reasonable grounds exist such as would put a reasonable and prudent businessman on his guard.
>
> . . . .
>
> C. Health insurance issuers shall establish appropriate procedures approved by the department to assure that any claimant who is not paid within the time frames specified in this Section receives a late payment adjustment equal to one percent of the amount due. For any period greater than twenty-five days following the time frames specified in this Section, the health insurance issuer shall pay an additional late payment adjustment equal to one percent of the unpaid balance due for each month or partial month that such claim remains unpaid.

The trial court found that when BCBS remitted payment to Ms. Pousson, it satisfied its obligations under this statute, including penalties. Ms. Pousson argues the trial court erred, pointing to the legislative intent of the statute enshrined in La.R.S. 22:1851, wherein the drafters indicate the purpose of this statute is prompt and correct payment to pharmacists and pharmacies. We agree. That statute governs the relationship between pharmacists and insurers, not insurance companies and their customers.

We find that the appropriate statute for this circumstance is La.R.S. 22:1821(A), which states:

> All claims arising under the terms of health and accident contracts issued in this state, except as provided in Subsection B of

this Section, shall be paid not more than thirty days from the date upon which written notice and proof of claim, in the form required by the terms of the policy, are furnished to the insurer unless just and reasonable grounds, such as would put a reasonable and prudent businessman on his guard, exist. The insurer shall make payment at least every thirty days to the assured during that part of the period of his disability covered by the policy or contract of insurance during which the insured is entitled to such payments. Failure to comply with the provisions of this Section shall subject the insurer to a penalty payable to the insured of double the amount of the health and accident benefits due under the terms of the policy or contract during the period of delay, together with attorney fees to be determined by the court. Any court of competent jurisdiction in the parish where the insured lives or has his domicile, excepting a justice of the peace court, shall have jurisdiction to try such cases.

Therefore, penalties, including attorney fees, are due unless BCBS can show that its failure to pay Ms. Pousson's claim is just and reasonable. The trial court improperly granted summary judgment in favor of BCBS and dismissed Ms. Pousson's claims. We reverse the judgment of the trial court dismissing Ms. Pousson's claims for penalties and attorney fees and remand to the trial court for further proceedings consistent with this opinion.

## CONCLUSION

The judgment of the trial court is reversed, and the case is remanded to the trial court. All costs of this appeal are assessed to Blue Cross/Blue Shield of Louisiana.

**REVERSED AND REMANDED.**

4